# Richmond.

## BLACKWOOD COAL & COKE CO. v. JAMES' ADMINISTRATOR.

### January 16, 1908.

1. PLEADING—*Declaration in Tort—Sufficiency.*—A declaration in tort is sufficient which states the facts with sufficient fullness and certainty to apprise the defendant of the demand made upon him, to be understood by the jury, and to enable the court to say, upon a demurrer, whether or not the plaintiff is entitled to recover, if the facts stated be proved.

2. EVIDENCE—*Dangerous Character of Animal—Opinion—Facts—Case at Bar.*—It being important to show the dangerous character of a mule, a witness who was asked to state the general character and condition of the mule, with reference to being wild, safe or dangerous, replied "she was a high strung mule, and a little fiery and headstrong, and she would not mind very well when you spoke to her." *Held*: The question is admissible. It does not call for an opinion, and the answer does no more than give to the jury such knowledge of the subject as the witness had, from which the jury could determine whether or not the animal was wild and dangerous, or safe.

3. BILLS OF EXCEPTION—*Skeleton Bill—Identification of Evidence.*—A trial judge cannot sign a skeleton bill of exception and direct the clerk to insert all the evidence introduced on both sides "as appears from the stenographer's report thereof." The evidence inserted must be, in some way, identified or ear-marked by the judge under his own hand. Otherwise it is no part of the bill and cannot be considered by an appellate court. The making of a bill of exception is a judicial act, and cannot be delegated.

4. WITNESSES—*Calling by the Judge.*—It is not the practice in this state for the trial court, of its own motion, to call a witness in a civil case whom neither of the parties have called.

5. APPEAL AND ERROR—*Failure to Certify Evidence—Instructions—New Trial.*—Objection to the action of a trial court in granting instructions, or in overruling a motion for a new trial, cannot be considered by this court when the evidence has not been certified.

Error to a judgment of the Circuit Court of Wise county in an action of trespass on the case.   Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*R. Tate Irving,* and *Cabell & Cabell,* for the plaintiff in error.

*W. H. Werth* and *Henry & Graham,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action of trespass on the case was brought in the circuit court of Wise county by the administrator of Guy James, deceased, to recover damages for the death of his intestate, which is alleged to have been caused by the negligence of the Blackwood Coal and Coke Company.   The trial in the circuit court resulted in a verdict and judgment in favor of the plaintiff, which we are asked to reverse and set aside.

We are of opinion that the demurrer to the declaration was properly overruled.   Words and parts of a sentence are severed from their context and adversely criticised, but when the declaration is read as a whole, the objections urged appear to be untenable.   The defendant was very clearly informed of the nature of the demand made upon it.   The facts are stated with sufficient fullness and certainty to be understood by the defendant and by the jury; and the court, if the facts stated were proved, would be able to say upon demurrer whether the plaintiff was entitled to recover.   *Wood* v. *American Nat'l Bk.,* 100 Va. 306, 40 S. E. 931; *Hortenstein* v. *Virginia-Carolina Ry. Co.* 102 Va. 914, 47 S. E. 906; *Wheel Co.* v. *Harris,* 103 Va. 708, 49 S. E. 991; *Lane Bros. Co.* v. *Seakford,* 106 Va. 93, 55 S. E. 556.

Bill of exception No. 1 is to the action of the circuit court in permitting the witness Snodgrass, who was called on behalf of the plaintiff, to be asked during his examination in chief the following question: "I will ask you to tell the jury what was the general character and condition of that mule with reference to being wild, safe or dangerous, or what her habits were?" The objection to the question being overruled, the witness answered as follows: "She was a high strung mule, and a little fiery and head-strong, and she would not mind very well when you spoke to her." The objection urged to this question is that it required the witness to give his opinion of the mule.

This contention is not tenable. The mule in question was being driven by the plaintiff's intestate, and, on the plaintiff's theory of the case, it was important for the jury to be informed as to the mule's character, disposition and habits, in order that they might determine whether it was a wild, safe or dangerous animal. The question did not call for an opinion, but for a statement of facts based upon such knowledge as the witness possessed of the mule's character and disposition. Nor does the answer do more than give to the jury such knowledge of the subject as the witness had from which the jury could determine whether or not the mule was wild, dangerous or safe.

Before adverting to the three remaining bills of exception, it is necessary to determine whether the evidence adduced on the trial has been properly certified to this court.

It was doubtless intended to embody the evidence in a proper bill of exception, but this has not been done. The record shows that the judge signed a skeleton bill of exception, into which he directed the clerk to insert "all the evidence introduced by both the plaintiff and defendant as appears from stenographic report of the evidence." In making up the record, the clerk copied into this bill a paper purporting to contain the evidence, certifying at the close of the record, that "the foregoing is a true transcript of the record." There is, however, nothing to

identify the evidence copied into the record as that adduced on the trial of the case at bar. It has no endorsement or other earmark put upon it by the judge to indicate that he had ever seen it or approved it in any way as a true transcript of the evidence. This it has been held repeatedly, is not sufficient to make the evidence a part of the record.

It is settled practice that the evidence is not a part of the record unless made so by a proper bill of exception. If the evidence is only vouched for by the clerk, it cannot be considered by this court. The making of a bill of exception is a judicial act and cannot be delegated. The trial judge must indicate his approval of the correctness of the evidence by authentication under his own hand. *West* v. *Richmond Ry. &c. Co.,* 102 Va. 339, 46 S. E. 330; *Jeremy Imp. Co.* v. *Com'th,* 106 Va. 482, 56 S. E. 224; *U. S. Min. Co.* v. *Camden &c.,* 106 Va. 663, 56 S. E. 561; *Cullen* v. *Nash,* 76 Ill. 515; *Stewart* v. *Rankin,* 39 Ind. 161.

Bill of exception No. 2 is to the action of the circuit court in calling, of its own motion, William Wells, a witness who had been summoned for the defendant, under the following circumstances: After the plaintiff and the defendant had each rested in chief, the plaintiff called the sheriff of Wise county, and asked him if he had summoned William Wells for the defendant, and if Wells was in attendance upon the court. An objection to this question was sustained; and thereupon the court, of its own motion, called the witness Wells and had him sworn, stating that either side might examine him. The plaintiff proceeded to examine the witness, and the defendant, without waiving its objection, cross-examined him.

So far as we are advised, it has not been the practice in this state for the court, of its own motion, to call a witness in a civil case; but it is not necessary, in this case, to consider or decide upon the right of the court to call the witness in question, because, as already seen, the evidence given by the witness is not

before this court, and, therefore, it cannot be determined whether it was material or was in any way prejudicial to the rights or interests of the defendant. If error, it may have been harmless; and this can only be determined by an inspection of the evidence.

Certain instructions given by the court are objected to, and the refusal of the court to grant a new trial is also assigned as error; but these objections cannot be considered in the absence of the evidence which must be looked to in connection with each of them.

The judgment must be affirmed.

*Affirmed.*