# Staunton.

## NORTON COAL CO. v. MURPHY.

### September 10, 1908.

### Absent, Keith, P.

1. MASTER AND SERVANT—*Contributory Negligence—Assumption of Risk*
   Although a track repairer in a mine may know that "drip-ping"—the falling of slate from the roof of a mine—is an indica-tion that the roof is, or may be, in an unsafe condition, yet if he examines the roof at or near that point, and finds it safe, it cannot be said, as a matter of law, that it was contributory negligence on his part to work forty or fifty feet away from where the "dripping" occurred, without making further examination of the roof, or that he assumed the risk, and hence, on a demurrer to the evidence by the company in an action by the repairer to recover for the injury, the repairer cannot be held to have been guilty of contributory negligence, or to have assumed the risk.

2. MASTER AND SERVANT—*Safe Place—Dangers Known to Master—Inspection—Notice.*—Although it is the duty of a track repairer in a mine to look out for his own safety and to inspect the roof at the point where he is at work, yet if the master has been informed of the dangerous condition of the roof at a given point it is his duty to inspect it and see that it is in a reasonably safe condition before sending the servant there to work, or at least to warn him of its condition.

3. MASTER AND SERVANT—*Assumption of Risks—Negligence of Master.*
   A servant is not chargeable with the assumption of risks which may be obviated by the exercise of reasonable care on the part of the master. The rule that the servant takes the risks of the service presupposes that the master has exercised that degree of care and caution which the law casts upon him. The risks which the servant assumes are those which cannot be obviated by the adoption of reasonable measures of precaution by the master.

4. MASTER AND SERVANT—*Assumption of Risks—When a Question for Jury—Case at Bar.*—Whether, in this case, the "dripping" of the

roof which the plaintiff heard made it his duty to make a further inspection of the roof of the mine than he did make, before going on with his work, is a question about which reasonably prudent men might differ, and was, therefore, a question for the jury and not for the court.

Error to a judgment of the Circuit Court of Wise county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Ayers & Fulton, Bullitt & Kelly* and *John W. Chalkley,* for the plaintiff in error.

*Vicars & Peery* and *Kilgore & Bandy,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

A. W. Murphy, the defendant in error, while engaged in repairing tracks in the coal mine of the Norton Coal Company, the plaintiff in error, was injured by a piece of slate, some nine feet long, five feet wide and seventeen inches thick, falling upon him from the roof of the room or haulway in which he and another employee named Hanks were working. To recover damages for that injury this action was instituted.

The defendant company demurred to the evidence. Its demurrer was overruled and judgment rendered in favor of the plaintiff. To that judgment this writ of error was awarded.

Considered as on a demurrer to the evidence, the negligence of the defendant is established. Its mine foreman, whose duty it was to inspect the mine, had been notified by one of the defendant's employees that the roof of the haulway where the plaintiff was injured was in a dangerous condition, and if it was not timbered or taken down some one would be injured or killed. Notwithstanding this notice and warning, the foreman failed to make any proper inspection of the roof in the

light of the information he had as to its condition, but directed the plaintiff and his assistant or associate, Hanks, on the evening of the accident, to tear up the track in the haulway and relay it before they came out, so that the mining machine could get through to the face of the coal that night. While engaged in that work, the plaintiff was injured and Hanks was killed by the falling slate.

The defendant's contention is that, even though it was negligent, the court erred in overruling the demurrer to the evidence—(1st) because the plaintiff was guilty of contributory negligence; and (2nd) because, having knowledge of the dangerous condition of the roof of the haulway, he assumed the risk by continuing to work therein.

It appears that very soon after the plaintiff and Hanks. who had gone from another part of the mine, went into the haulway and commenced to tear up the track, the plaintiff heard something fall—whether it was a small piece of slate from the roof or coal from the side of the haulway he did not know. When he heard it, he thought it was caused by a rat running "around the gob." The substance which fell was about ten feet from him, between him and Hanks, and about five feet from the latter. The plaintiff knew that small pieces of slate falling from the roof of a mine—which is called dripping —is an indication that the roof is, or may be, in an unsafe condition. When he heard the substance fall, he tapped upon the roof immediately above him to ascertain its condition, and finding it safe at that point continued his work without further examination of the roof, either at the point from which the substance might have fallen or further on in the direction in which he was tearing up the track. Some two hours afterwards, at a point forty or fifty feet distant and nearer the face of the heading, the slate fell which caused the injury.

While it was the duty of the mine foreman to inspect the roof and see that it was in a reasonably safe condition, it was also the duty of the plaintiff to keep a lookout for his own

safety.  The roof was not unsafe at the place where he heard the "dripping" and his continuing to work there did not result in injury to him.  Whether or not he was guilty of contributory negligence in working under the roof where he was when injured, at a place forty or fifty feet distant, was a question for the jury and not for the court.  The court could not say, as a matter of law, that it was contributory negligence to work forty or fifty feet away from where the "dripping" occurred without making more examination of the condition of the roof of the mine than was made by the plaintiff.

Neither can it be said, under the facts of this case, that the plaintiff is not entitled to recover as a matter of law, because by remaining in the haulway after he heard the "dripping" of the mine at the place where he commenced to tear up the track, he assumed the risk of slate falling from the roof forty or fifty feet distant.

The defendant, as we have seen, had been informed that the roof at the place where the plaintiff was injured was in a dangerous condition.  It was its duty, therefore, to have inspected it, and seen that it was in a reasonably safe condition before ordering the plaintiff to perform work which would necessitate his going under the roof at that point, or at least to have warned him of its condition.

An employee is not chargeable with the assumption of risks which may be obviated by the exercise of reasonable care upon the master's part.  The rule that the employee takes the risk of the employment presupposes that the employer has exercised that degree of care and caution which the law casts upon him.  The risks which the employee assumes are those which cannot be obviated by the adoption of reasonable measures of precaution by the employer.  1 Labatt on Master & Servant, secs. 2 and 270; *Parker* v. *The Tilly, &c. Mining Co.*, 99 N. Y. 368, 376, 2 N. E. 24; Bailey's Personal Injuries, sec. 463.

Of course, if the employee knows of the danger, or in the exercise of due care for his own safety ought to have known of

it, and chooses to remain, he assumes the risk and cannot recover.

Whether, in this case, the "dripping" of the roof which the plaintiff heard made it his duty to make a further inspection of the roof than he did make, before going on with his work, is a question about which reasonably prudent men might differ, and was, therefore, a question for the jury and not for the court. See Labatt, sec. 413-a; *Russell Creek, &c. Co.* v. *Wells,* 96 Va. 416, 428, 31 S. E. 614.

We are of opinion, therefore, that there is no error in the judgment complained of, and that it must be affirmed.

*Affirmed.*