# Richmond.

## Buena Vista Extract Co. v. Hickman.

108   665
110   653

November 19, 1908.

1. BILLS OF EXCEPTION—*Time of Filing—Evidence of Filing—Case at Bar.* Where the record shows that opinions of the trial court were excepted to, and leave given to file bills of exception according to law, which, when filed, were ordered to be made a part of the record; and corresponding bills of exception in due form appear in the record, purporting to have been signed, sealed and enrolled as parts of the record, with the clerk's certificate attached "that the foregoing is a true transcript of the record," which certificate bears date November 26, 1907, while the record shows that the court was in session at least as late as October 28, 1907, this is sufficient evidence of the filing of said bills within thirty days after the end of the term at which the exceptions were noted.

2. BILLS OF EXCEPTION—*Filing After Adjournment of Term—Evidence of Time of Filing—When to be Filed.*—Correct practice demands that a bill of exception, not signed during the term at which the opinion of the court is announced to which exception is taken, ought to show that it has been signed within thirty days after the end of such term, or at such other time as the parties, by consent entered of record, may agree upon. Such signing may now be either in term time or vacation, whether another term has intervened or not; and it is declared that all bills of exception so tendered to and signed by the judge, shall be a part of the record of the case.

3. MASTER AND SERVANT—*Assumption of Risks—Obvious Dangers.*—A servant assumes all of the usual and ordinary risks incident to the employment upon which he enters, and also all risks which he knows, or may, in the exercise of reasonable care, know to exist, unless there is some agreement to the contrary. In the case at bar, the servant was injured by his foot slipping from the rim of a tub upon which he was standing into its boiling contents. He was perfectly familiar with the situation, the dangers of which were open and obvious. He had been engaged in this business for a long time, and was in the habit of thus standing on the tubs fifty or sixty times a day, and made no complaint of the danger. Under such circumstances he cannot recover of the master.

Error to a judgment of the Circuit Court of Rockbridge county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Hulst Glenn* and *Charles & Duncan Curry,* for the plaintiff in error.

*Glasgow & White,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

We are met at the threshold of this case with the objections, that there is no order of court making the bills of exception a part of the record, and nothing to show that they were signed within the time required by law.

The record contains the following memorandum: "On the trial of this case the defendant, by its attorneys, excepted to sundry opinions of the court given upon the trial, and obtained leave to file its bills of exception according to law, which, when filed, are ordered to be made a part of the record in the case."

Corresponding bills of exception in due form appear in the printed transcript of the record, which purport to have been signed, sealed and enrolled, and made a part of the record, with the clerk's certificate attached, "that the foregoing is a true transcript of the record." The certificate bears date November 26, 1907, and inasmuch as the record shows that the court was in session certainly as late as October 28, 1907, the bills of exception must have been signed within thirty days after the end of the term at which the exceptions were noted.

As to the affect of the clerk's certificate, see *Yellow Poplar Lumber Co.* v. *Thompson's Heirs, ante,* p. 612; 62 S. E. 358, 2 Va. App. 443.

While we are of opinion that a substantial compliance with the statute appears in this instance, correct practice demands

that a bill of exception, not signed during the term at which the opinion of the court is announced to which exception is taken, ought to show that it had been signed within thirty days after the end of such term, or at such other time as the parties, by consent entered of record, may agree upon.   Said signing now may be either in term time or in vacation, whether another term of the court has intervened or not; and it is declared, that all bills of exceptions "so tendered to and signed by the judge, as aforesaid, either in term time or in vacation, shall be a part of the record of the case."   Acts, 1908, pp. 336-7.

On the merits, the case presented for our consideration is as follows: The plaintiff in error (the defendant in the court below) is the owner and operator of a plant for extracting tannin and other chemical properties from the wood and bark of certain trees.   In its operations it is necessary to use boilers and engines to generate heat and power, and also other machinery for cutting and grinding wood, and extracting its chemical properties.   Among other agencies, eight tubs or vats are used in the leaching room to hold the ground wood.   The wood and liquid in these tubs are kept at high temperature by means of steam conveyed through pipes connected with the engine.   These pipes are equipped with valves or gauges for regulating the heat, and are attached to a stand-pipe in the centre of each tub, extending a short distance above the top.   The tubs, which are from four to six feet in diameter and four feet deep, are uncovered and arranged in a row across the floor of the leach room. The operation requires the services of a man to run the engine and rotary pump, and likewise to manipulate the valves controlling the steam and keep the contents of the tubs at proper temperature.

The plaintiff, E. L. Hickman, was employed by the defendant, and placed in charge of the leach room.   On the occasion of the accident, while he was engaged in regulating the valves, standing with one foot on the edge of a tub and the other on the liquor trough, which necessitated a straddle of four feet

six inches, his foot slipped from the rim of the tub and was submerged in its boiling contents, occasioning the injury of which he complains.

To an adverse judgment the defendant brings this writ of error.

The gravamen of the declaration is the alleged failure of master to exercise ordinary care to provide the servant with a reasonably safe place and suitable appliances in and with which to perform the work required of him.

The servant had been in the employment of the master from the time the plant was first established, in various departments of the service, and had worked for a long time in the leach room. Indeed, he admits that he was perfectly familiar with the situation, the dangers of which were open and obvious. To quote his own language, "anybody could see it was dangerous." Yet, with full knowledge of the danger, and without request of or promise by the master to supply safer appliances, he chose to continue the service, standing astride of these seething leach-tubs fifty or sixty times a day, so often he says that he got accustomed to it. Upon his own testimony, it is clear that the servant assumed the risk and cannot demand damages from the master.

The general rule governing risks assumed by the servant is well stated in 26 Cyc. 1177, *et seq.*: "While a servant does not assume the extraordinary and unusual risks of the employment, the rule is well settled, both in England and in this country, that on accepting employment he does assume all the ordinary and usual risks and perils incident thereto, whether it be dangerous or otherwise, and also all risks which he knows, or may, in the exercise of reasonable care, know, to exist, unless there is some agreement to the contrary. He does not, however, assume such risks as are created by the master's negligence, nor such as are latent, or are only discovered at the time of the injury. The doctrine of assumption of risks is distinct from that of contributory negligence, and rests upon an agreement of the

servant with his master, express or implied, from the circumstances of his employment, that his master shall not be liable for any injury incident to the service, resulting from a known or obvious danger arising in the performance of the service."

This statement of the law is in accord with numerous decisions of this court. The last expression on the subject will be found in an opinion handed down at Staunton, September 10, 1908—*Norton Coal Company* v. *Murphy, ante,* p. 528, 62 S. E. 268, 2 Va. App. 416.

It is not necessary to notice the minor assignments of error, since the testimony of the plaintiff himself precludes a recovery.

The judgment must be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Reversed.*