# Richmond.

## STANDARD PEANUT CO. V. WILSON.

January 14, 1909.

Reheard January 13, 1910.

1. BILLS OF EXCEPTION—*Time of Filing—Record Evidence—Code, Section 3385—Mandatory Provisions.*—Section 3385 of the Code, with reference to filing bills of exception, is mandatory, and unless the record shows affirmatively that bills of exception were signed in accordance with its provisions they do not constitute part of the record. The clerk has no authority to make them a part of the record, nor does the mere copying by him of unauthenticated bills have that effect. Where time has been given beyond the term for filing a bill of exception, the record must show affirmatively that it was filed within the time limited. In the case at bar, the record is silent as to which, if any, of the statutory requirements have been complied with, and the bills are not dated, and cannot be considered as parts of the record.

2. BILLS OF EXCEPTION—*Record Evidence of Signing—Parol Evidence—Insertions by Clerk.*—While the statute declares that as soon as a bill of exception is signed by the judge it "shall be a part of the record of the case," still it must appear from the record itself when the bill of exception was signed and thereby made a part of the record. That fact cannot be made to depend upon parol evidence. Neither parol evidence, nor custom, nor long practice in a particular court will avail to add to or take from the record as made under the supervision of the trial judge. A statement by the clerk which is no part of the final order in a cause and not authorized by the trial judge, but which is inserted by him in making up the record for this court that "the bills of exception referred to in the foregoing order are in the words and figures following, to-wit" is no part of the record.

3. BILLS OF EXCEPTION—*Jurisdiction to Sign—Record Evidence.*—The record itself must show the jurisdiction of the trial court, which is merely statutory, to sign bills of exception and make them a part of the record, and parol evidence is insufficient to show these facts.

Error to a judgment of the Circuit Court of Nansemond county in an action of *assumpsit.*   Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*R. W. Withers,* for the plaintiff in error.

*Jeffries & Lawless,* for the defendant in error.

Whittle, J., delivered the opinion of the court.

This case affords another example of the omission of the record to show that the bills of exception were signed within the time and in the manner prescribed by the statute in force when the judgment was rendered.   Code, 1904, sec. 3385.

The final order recites the verdict of the jury, the motion of the defendant to set it aside, the action of the court overruling the motion, and the entry of judgment for the plaintiff.   It moreover notes the exception of counsel to various rulings of the court, and allows the usual suspension.   The order then concludes as follows: "Mem.—Be it remembered that during the progress of the trial of this case, the defendant excepted to sundry rulings of the court, to which rulings the defendant is required to tender its bills of exception within the time and in the manner prescribed by law."

Section 3385 provides that "any bill of exception may be tendered to the judge, and signed by him, either during the term at which the opinion of the court is announced, to which exception is taken, or in vacation, within thirty days after the end of such term, or at such other time as the parties, by consent entered of record, may agree upon, and any bill of exception so tendered and signed by the judge, as aforesaid, either in term time or vacation, shall be part of the record of the case." (For the present law on the subject, see Acts 1908, pp. 336-7.)

The foregoing statute is mandatory, and unless the record affirmatively shows that bills of exception were signed in accordance with its provisions, they do not constitute part of the record. That is the tenor of our own decisions, which conform in that respect to the general rule of procedure on the subject.

"A bill of exception, not dated and not containing a statement that it was signed by the presiding judge within the time allowed by orders extending the time for its signing, will not be considered." *Keller* v. *State,* 145 Ala. 680, 40 So. 85.

"Where time is given, extending beyond the term, in which to file a bill of exception, it must be filed within the time limited, or it will constitute no part of the record; and a bill of exception is no part of the record unless the record shows when it was filed." *Port* v. *Russell,* 36 Ind. 60, 10 Am. Rep. 5.

"Where time has been given beyond the term for filing a bill of exception, the transcript must affirmatively show that it was filed within the time limited." *Wiggs* v. *Koontz,* 43 Ind. 430; *Toledo, W. & W. R. Co.* v. *Howe,* 68 Ind. 458.

See also 3 Enc. Pl. & Pr. 474, and authorities cited in note.

If it be permissible to consider the affidavit of the clerk (offered in connection with the motion to exclude the bills of exception), it does not help the case for the plaintiff in error, since it furnishes no information either as to the time of signing or filing the bills of exception.

The affidavit likewise shows that the words in the printed record, "The bills of exception referred to in the foregoing order are in the words and figures following, to-wit," do not appear upon the order book nor among the records of the court, nor were they any part of the final order entered in the case; and were inserted by affiant (at what time does not appear) not as part of the order or record, but merely to call attention to what followed.

Thus it appears that the record is silent as to which, if any, of the statutory requirements have been complied with. The bills of exception bear no date, nor is it otherwise made to ap-

pear at what time they were signed or filed, or that they ever became part of the record. All that we have on the subject is the statement of the clerk (made as explained in his affidavit) that the bills of exception copied with the record are the bills of exception referred to in the final order of the court. The clerk, of course, had no authority to make them part of the record, nor does the mere copying by him of unauthenticated bills of exception have that effect. *Preston* v. *The Auditor,* 1 Call. 471; *Cunningham* v. *Mitchell,* 4 Rand. 189; *Imp. Co.* v. *Kern & Hickson,* 80 Va. 589, 592-3; *West* v. *Richmond Ry. &c., Co.,* 102 Va. 339, 46 S. E. 330; *Blackwood Coal Co.* v. *James,* 107 Va. 656, 659, 60 S. E. 90.

These constantly recurring questions in the matter of preparation of records for appeal add emphasis to what was said on that subject by Judge Cardwell in a recent opinion: "It is, perhaps, well to call attention to the fact that more miscarriages, in the effort to bring the rulings of trial courts under review in this court, have occurred in the six years since the amended statute, *supra,* has been in force than in all the years prior to its passage. And why? Simply because the statute has not, in the cases where the miscarriages have occurred, been strictly followed, as is absolutely necessary in order to confer authority upon the judges of trial courts to sign a bill of exception and make it a part of the record, after the adjournment of the term at which the final judgment in the cause is entered." *Battershall* v. *Roberts,* 107 Va. 269, 273, 58 S. E. 588.

In the still more recent case of *Buena Vista Extract Works* v. *Hickman,* 108 Va. 665, 62 S. E. 804, it was said: "While we are of opinion that a substantial compliance with the statute appears in this instance, correct practice demands that a bill of exception, not signed during the term at which the opinion of the court is announced to which exception is taken, ought to show that it has been signed within thirty days after the end of such term, or at such other time as the parties by consent entered of record may agree upon."

It follows from these views that the bills of exception in question must be rejected, and the judgment affirmed.

### ON A REHEARING.

CARDWELL, J., delivered the opinion of the court.

A judgment was rendered in this cause January 14, 1909, which, upon a petition to rehear, was set aside. The rehearing was granted because of the insistence in the petition therefor that at the former hearing an affidavit of the deputy clerk of the trial court, intended to be incorporated in the record, to the effect that the bills of exception taken at the trial were signed within the time and in the manner prescribed by law when the judgment was entered, was not brought to the attention of this court.

Upon a careful consideration of the case upon the rehearing, we find no occasion to depart from the conclusion reached upon the original hearing. The final order is set out in the former opinion of this court, and the reservation of the right to plaintiff in error to tender its bills of exception to the rulings of the trial court provided that they should be tendered "within the time and in the manner prescribed by law." As there was no consent of the parties, entered of record, that the bill of exception might be tendered and signed by the judge at a time other than during the term of the court or in vacation, within thirty days after the end of such term, they could have been signed and made a part of the record only during the term or within thirty days from the end thereof. As to when the bills of exception were signed by the judge the record is entirely silent, but we are asked to read the affidavit of the deputy clerk as conclusive that "they were filed in the usual manner and that the said judge authorized them to be filed, . . . and that all of said bills of exception were duly signed by the judge and deposited in the office of the clerk before said term of court ended." The affidavit then sets out the

opinion of the affiant as to what had been the custom of the Circuit Court of Nansemond county with respect to the signing, etc., of bills of exception; that the record before this court in this case was made up as all other records have been made up by him; and that "it is the custom and has always been the practice in this court in making up records for the Court of Appeals for the clerk to note on the record by suitable language the bills of exception."

This same affiant, by another affidavit given in this connection, states when the final order in the case was entered and what it contained; that "there was no order or other memorandum entered by the court or judge, or authorized by the court or judge to be entered, making the bills of exception a part of the record"; and, further, that the following words, which did not appear in the final order, were inserted by him (the clerk) in making up the record for certification to this court, to-wit: "The bills of exceptions referred to in the foregoing order are in the words and figures following, to-wit."

While the insertion of said words by the clerk as a part of the final order may be considered of no importance in this instance, they were clearly no part of the record. *Blackwood Coal & C. Co.* v. *James,* 107 Va. 659, 60 S. E. 90; *Improvement Co.* v. *Karn, &c.,* 80 Va. 592.

In *Barstow* v. *Marsh* (Mass.), 4 Gray 166, the rule is clearly stated as to how and when bills of exception become a part of the record, and the bills of exception in that case were disregarded, although the opinion took occasion to say "it may be a hard case, but there is no way to set it right"; and the ground upon which the exceptions were not considered was "It does not appear by the entries on the docket of the court of common pleas that the exceptions were duly presented at the term at which they were taken; or that a continuance was taken, etc." See also *Doherty* v. *Lincoln,* 114 Mass. 362; *Brown* v. *Hale,* 127 Mass. 160.

It is very true that the statute—sec. 3385, Code, 1904—

says, that as soon as a bill of exception is signed by the judge the bill "shall be a part of the record of the case"; but it must appear from the record itself when the bill of exception was signed and thereby made a part of the record. That fact cannot be made to depend upon parol evidence. Neither parol evidence, nor custom, nor long practice in a particular court, will avail to add to or take from the record as made under the supervision of the trial judge. To depart from this established rule would be to invite interminable strife as to what constituted the record of a case, and confer upon clerks of trial courts power and authority not conferred upon them by the statutes defining their duties, and make in many cases the verity and truth of the record to depend on a conflict of evidence.

Similar language to that in our statute has been construed by the Supreme Court of West Virginia to require the affirmative action of the court, through its order or memorandum on its order book recognizing its bills of exception as authentic. *Wickes* v. *B. & O. Ry. Co.,* 14 W. Va. 173, 175; *Bank* v. *Showacre,* 26 W. Va. 48, 53.

The record itself should show the jurisdiction of the trial court, which is purely statutory, to sign bills of exception and make them a part of the record, and parol evidence is insufficient to show these facts.

For the foregoing reasons, as well as those stated, and upon the authorities cited in the opinion delivered at the former hearing of this cause, the judgment entered at that time is approved and will be adhered to.

*Affirmed.*