## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### WILLIAMS v. COMMONWEALTH.

#### January 12, 1911.

1. BILLS OF EXCEPTION—*Noting Exceptions—Signing Bills.*—A bill of exception which shows that exception to certain rulings of the trial court were noted during the progress of the trial, and that thereafter, and within thirty days after such rulings were made, the bills were prepared and signed, conforms to correct practice and the provisions of section 3385 of the Code, as amended in 1908.

2. CRIMINAL LAW—*Joint Offenders—Evidence—United States License Issued to a Firm—Indictment Against One of Firm.*—Joint offenders may be indicted and tried jointly or severally, and evidence of the guilt of both is admissible to establish the guilt of either. Hence the possession of a United States license for the sale of intoxicating liquors issued to a firm is admissible in evidence against a member of the firm indicted for selling such liquors without a State license, under the statute (Acts 1901-2, p. 601) making the possession of such license *prima facie* evidence of the sale of such liquors, in the absence of evidence to the contrary.

Error to a judgment of the Circuit Court of Gloucester county.

*Affirmed.*

The opinion states the case.

*J. N. Stubss,* for the plaintiff in error.

*Samuel W. Williams, Attorney General,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

At the July term, 1909, of the Circuit Court of Gloucester county, the plaintiff in error, John ·T. Williams, was in-

dicted for unlawfully selling by retail wine, ardent spirits, etc., and, a jury having been waived, was found guilty by the court, which imposed upon him a fine of $30 and costs. To that judgment a writ of error was awarded by one of the judges of this court.

We are met at the threshold of the case by the contention on the part of the Attorney General that the writ of error should be dismissed because the record does not show due execution of the bills of exception.

By section 3385, Va. Code, 1904 (amended by an act of the General Assembly, 1908, p. 336), a bill of exceptions may be signed by the judge either during the term at which the opinion of the court is announced, to which exception is taken, or within thirty days after the end of such term; and when so signed it shall be a part of the record of the case. In this instance the judgment was rendered July 6, 1909, and the bills of exception were signed during the succeeding vacation, on July 31, 1909, obviously within thirty days after the end of the term.

The correct practice is to give notice that a point is intended to be saved at the time the alleged objectionable ruling is made, certainly before verdict, and the bills of exception are usually prepared and signed later. Virginia Code, 1904, sec. 4050; 4 Minor (3rd ed.) 915; *Winston* v. *Giles*, 27 Gratt. 530, 535; *Page* v. *Clopton*, 30 Gratt. 429; *Buena Vista Extract Works* v. *Hickman*, 108 Va. 665, 62 S. E. 804.

The bills of exception, which when duly signed became parts of the record, in this instance show that exception to certain rulings of the court were noted during the progress of the trial; and that is a sufficient compliance with the rule of practice adverted to.

Passing then to the merits of the case, it appears that the Commonwealth, to sustain the prosecution, offered in evidence the certificate of the collector of internal revenue for the second district of Virginia, that the records of his office showed

that on July 1, 1907, John T. Williams & Son paid a special tax as retail liquor dealers for the tax year commencing July 1, 1907, and ending June 30, 1908. The accused objected to the introduction of this evidence on the ground that the indictment was against him individually, and the license was granted to John T. Williams & Son. But on proof that the defendant was a member of the firm, the court overruled the objection and admitted the certificate. This ruling, together with the action of the court overruling the motion of the accused for a new trial because the judgment was not sustained by the evidence, constitute the two assignments of error upon which a reversal is asked.

It is settled law that joint offenders may be indicted and prosecuted either jointly or severally, and as corollary to that proposition, evidence of the guilt of both is admissible to establish the guilt of either. It was upon this principle that the learned circuit court admitted the collector's certificate that the firm, of which the accused was a member, had taken out a license as retail liquor dealers.

The statute (Acts 1901-'02, p. 601) makes possession of such license evidence of the sale of intoxicating liquors, and casts upon the accused the burden of repelling that presumption. *Runde* v. *Commonwealth*, 108 Va. 873, 61 S. E. 792.

There being no such countervailing evidence in this case, and no pretense that the accused was licensed by the State, the judgment of conviction is without error and must be affirmed.

                                        *Affirmed.*