.Opinion.

## Richmond.

### HASSIE REYNOLDS v. COMMONWEALTH.

January 18, 1923.

1. APPEAL AND ERROR—*Exceptions, Bill of—Skeleton Bill of Exceptions—Evidence not Identified.*—In the instant case the court signed a skeleton bill of exceptions in which this was certified: "* * * That the Commonwealth, to sustain the issue on her part, introduced. [Here insert the Commonwealth's evidence.] And the defendant, to sustain the issue on his part, introduced. [Here insert defendant's evidence.] * * *" But the statement of the evidence appearing in the record and which was to have been thus inserted was in no way identified or authenticated by the judge of the trial court.

   *Held:* That this was clearly insufficient, and that the writ of error must be dismissed.

2. NEW TRIALS—*Criminal Law—Credibility of Witnesses—Evidence Sufficient to Support Verdict of Guilty.*—In the instant case the question of defendant's guilt or innocence depended upon the credibility of the witnesses, and especially upon his own testimony.

   *Held:* That the evidence introduced by the Commonwealth, defendant's own contradictory statements, and his ineffectual effort to establish an alibi, and the corroborating circumstances, were sufficient to support a verdict of guilty.

Error to a judgment of the Circuit Court of Patrick county.

*Writ of error dismissed.*

The opinion states the case.

*W. L. Joyce,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

[1] The writ of error must be dismissed in this case for a perfectly obvious reason. The statement of the evidence appearing in the record is not identified by the judge of the trial court. He signed a skeleton bill of exceptions in which this is certified: "* * That the Commonwealth, to sustain the issue on her part, introduced. [Here insert the Commonwealth's evidence] And the defendant, to sustain the issue on his part, introduced. [Here insert defendant's evidence] * *;" but, as indicated, the evidence which was thus to be inserted is in no way authenticated by the trial judge. That this is clearly insufficient has long been settled in this court. *Blackwood Coal Co.* v. *James*, 107 Va. 658, 60 S. E. 90.

[2] Even if we were at liberty to consider the evidence which appears in the printed record, we would be forced to conclude that the question of the defendant's guilt or innocence depends upon the credibility of the witnesses and especially upon his own testimony. The evidence introduced by the Commonwealth, his own contradictory statements, his ineffectual effort to establish an alibi, and the corroborating circumstances, are sufficient to support the verdict.

*Writ dismissed.*