# Richmond.

United States Mineral Co. v. Camden & Driscoll.

March 14, 1907.

Absent, Cardwell, J.

1. APPEAL AND ERROR—*Demurrer—Grounds not Assigned in Trial Court.*—Where the grounds of a demurrer were called for in the trial court, and were given in writing, only those pointed out in the written specification filed in the trial court can be considered in this court. A general specification of "divers other causes" is ineffectual.

2. CORPORATION—*Right to Purchase Its Own Stock.*—In the absence of a charter or statutory provision, corporations may purchase, hold and sell shares of their own stock, provided they act in good faith.

3. BILLS OF EXCEPTION—*Unidentified Paper not Sufficient.*—A paper filed in the record, without identification of any kind whatever, which purports to set out the evidence given on the trial, at the end of which is a certificate of the judge presiding at the trial stating, "I hereby certify that the foregoing is all the evidence in this case," is not a bill of exception, and cannot be made to serve its function. It cannot be used as a basis of review of the action of the trial judge in granting and refusing instructions based on the evidence, or in overruling a motion for a new trial on the ground that the verdict is contrary to the law and the evidence.

Error to a judgment of the Circuit Court of Buckingham county in an action of assumpsit. Judgment for the plaintiffs. Defendant assigns error.

*Affirmed.*

The opinion states the case.

.A. S. Hall and S. S. P. Patteson, for the plaintiff in error.

*John R. Moss, Hubard & Gayles* and *F. C. Moon,* for the defendants in error.

Harrison, J., delivered the opinion of the Court.

This action was instituted by the plaintiffs, Camden & Driscoll, against the United States Mineral Company, to enforce the payment of a balance of $2,500, alleged to be due them from the defendant company. The declaration avers that the plaintiffs sold to the defendant company a tract of twenty acres of land for the agreed price of $5,000; that of this sum the defendant paid $2,500 in cash, and for the residue delivered to the plaintiffs certificates for twenty-five shares of its capital stock of the par value of $100 per share, upon the promise and agreement on the part of the defendant company that within four months from the date of such agreement, to-wit, the 12th day of March, 1903, it would redeem and purchase the stock so issued to the plaintiffs at its face value, and thereby pay the $2,500 balance of purchase money due for the land sold. The plaintiffs further aver that relying upon this promise and agreement, which was made as an inducement thereto, they parted with their title to the twenty acres of land by delivering to the defendant a deed therefor; "yet the defendant, not regarding its undertaking and promise, but contriving and intending to deceive and defraud the plaintiffs, hath not performed its promise to pay the plaintiffs the balance of $2,500 of purchase money, or any part thereof."

There was a demurrer to the declaration, and the grounds of demurrer being called for by the plaintiff, they were specified in writing to be "that a corporation has no authority to purchase its own stock; that the contract set out in the first, second and fourth counts of the declaration is an unlawful contract and a fraud upon the other stockholders; and for divers other causes." Only the grounds of demurrer pointed out in this written specification can be considered here, it being the function of this

court to pass upon the very case which was before the lower court.

As to the last ground mentioned it is sufficient to say that there is nothing on the face of the declaration to suggest that the contract set out is unlawful or in any particular a fraud upon the stockholders of the defendant company.

The broad proposition contained in the first ground of demurrer, that a corporation has no power to purchase its own stck, is wholly untenable. In the absence of charter or statutory prohibition, it is well settled, indeed the prevailing doctrine in the United States, that corporations may purchase, hold and sell shares of their own stock, provided they act in good faith and without intent to injure their creditors. *Rivanna Nav. Co. v. Dawsons,* 3 Gratt. 19, 46 Am. Dec. 183; *Shoemaker v. Washburn L. Co.,* 97 Wis. 585, 73 N. W. 333; *Republic L. Ins. Co. v. Swigert, Auditor,* 135 Ill. 150, 25 N. E. 680, 12 L. R. A. 328; *Rollins v. Shaver Wagon Co.,* 80 Ia. 380, 45 N. W. 1037, 20 Am. St. Rep. 427; *Dock v. Schlichter Jute Co.,* 167 Pa. St. 370, 31 Atl. 656; *Blalock v. Mfg. Co.,* 110 N. C. 99, 14 S. E. 501.

In the light of these authorities there can be no question that the defendant had the power to purchase its own stock under the circumstances of the case stated in the declaration, and therefore the demurrer was properly overruled.

The other assignments of error, which are to the action of the Circuit Court in giving certain instructions, and in refusing to set the verdict, in favor of the plaintiffs, aside as contrary to the law and the evidence, cannot be considered by this court for the reason that the evidence, which must be looked to in connection with each of such assignments, has not been made a part of the record by a bill of exception. There is printed with the record, beginning on page 31 and ending on page 163, a statement purporting to be the evidence offered by the plaintiffs and defendant, at the end of which is the following certificate by the judge presiding at the trial: "I hereby certify

that the foregoing is all the evidence in this case." How or when this statement got among the papers of the case nowhere appears. It is not made the subject of a bill of exception. It is not referred to or mentioned in any of the bills of exception taken in the case; nor is it identified in any way by being attached to a bill of exceptions, or otherwise.

The only way in which the evidence or the facts proved before a jury can be made a part of the record is by a bill of exception. This subject has been so often adverted to in the opinions of this court that it ought to be well understood; and yet the frequency with which the question is raised in this court, that the evidence has not been made part of the record by a proper bill of exception, shows a lack of care in the preparation of records for an appeal that is greatly to be regretted. The object of the institution of bills of exception was to enable a party to spread upon the record the matters that occurred at the trial. Unless this is done the case shows nothing but the process, the pleadings, the verdict and the judgment. *Bowyer* v. *Chestnut,* 4 Leigh, pages 1, 5 ; 4 Miner's Inst., 728 729, 742, 743.

In the recent case of *West* v. *Richmond Ry., &c., Co.,* 102 Va. 339, 46 S. E. 330, this court said: "All presumptions are in favor of the correctness of the judgment of the court below and against the exceptor, and unless a proper bill of exception is taken, setting forth specifically and definitely the allegation of error relied on, and so much of the evidence as is necessary to enable the appellate court to pass intelligently upon the question raised, the judgment of the trial court must be sustained. The plaintiff in error having failed to observe that requirement by having the evidence at the trial incorporated in the record, this court has nothing before it upon which to base an opinion with respect to the rulings of the court in the particulars complained of." Citing numerous decisions of this court to the same effect. In that case it is also said, with respect to the suggested hardship of disposing of the case in the absence

of the evidence, that this court is not responsible for the omission, and is powerless to supply the deficiency. In the practical administration of justice courts must be satisfied to enforce the law as they find it. They cannot undertake to prevent hardship in particular cases by a departure from established principles.

For these reasons the judgment of the Circuit Court must be affirmed.

*Affirmed.*