## �realth𝔪𝔬𝔫𝔡.

### HATTIE LITTLE v. COMMONWEALTH.

#### March 19, 1925.

Case submitted for decision before Judge Kelly qualified.

1. APPEAL AND ERROR—*Instructions—Instructions not Part of the Record Unless Made so by Bill of Exceptions—Certificate of Clerk in Lieu of Bill of Exceptions.*—Instructions are not to be taken as a part of the record unless made so by a proper bill of exceptions signed by the judge of the trial court. This bill of exceptions cannot be superseded by a certificate of a clerk as to what transpired during the progress of a trial of a case. It is the province of the trial court, not the clerk, to sign the bills of exceptions, or grant a certificate of the evidence or facts.

2. APPEAL AND ERROR—*Error in Refusing to Give an Instruction—All the Instructions not Certified.*—Where all of the instructions are not certified it cannot be said that the refusal of the trial court to give an instruction asked for constituted reversible error. The court may have refused to give the instruction in question on the ground that the same was covered by some other instruction that was given, but which does not appear in the record. The party asking a reversal for refusal to give an instruction must show by the record that there was no justification for refusing to give it, which he may do by bringing up all the instructions, or by having the court certify that the point was not covered by any other instruction.

3. INTOXICATING LIQUORS—*Unlawful Storing—Evidence Sufficient to Sustain Conviction.*—Accused, a married woman, at the time of the search by an officer of the premises occupied by herself and her husband, was alone, her husband being absent. Wine, alcohol and whiskey were found on the premises. Accused admitted ownership of the wine, and claimed that the alcohol was denatured; and, while she told the officer she knew nothing of the whiskey, she did not deny the ownership or possession of it. Accused contradicted the evidence of the Commonwealth in every particular. But this conflict was settled by a verdict of guilty.

   *Held:* That the verdict of guilty of unlawful storing was not contrary to the law and the evidence.

4. HUSBAND AND WIFE—*Witnesses—Intoxicating Liquors—Case at Bar.*—In the instant case, under the provisions of section 6211 of the Code of 1919, the Commonwealth was not permitted to introduce the husband as a witness to prove, if it could do so, that the alcoholic spirits found on the premises were the property of the wife. While it is true that no presumption arises against the wife by the failure of the husband to testify in her behalf, nor is such failure a subject of comment before the jury trying the case, there is nothing in the statute inhibiting the husband from testifying in favor of his wife when she is charged with a violation of the law.

5. HUSBAND AND WIFE—*Presumptions—Finding Liquor on Premises—Case at Bar.*—The rule as laid down in *Wampler's Case*, 134 Va. 611, that the presumption created (by section 28 of the .prohibition law [Laws 1918, chapter 388]) from the mere finding of ardent spirits on the premises jointly occupied by husband and wife, is not sufficient of itself to warrant the conviction of the wife charged with unlawfully storing liquor, is not applicable where it appeared that at the time of the search of the premises the husband was absent, and the evidence then adduced fully justified the jury in finding a verdict of guilty.

Error to a judgment of the Hustings Court of the city of Richmond.

*Affirmed.*

The opinion states the case.

*Percy S. Smith* and *J. R. Pollard*, for the plaintiff in error.

*John R. Saunders*, Attorney-General, *Leon M. Bazile*, Assistant Attorney-General, and *Lewis H. Machen*, Assistant Attorney-General, for the Commonwealth.

CAMPBELL, J., delivered the opinion of the court.

The accused was convicted of unlawfully storing ardent spirits, and her punishment fixed at confinement in the city jail for one month and a fine of $50.00.

The assignments of error are two in number:

First:   To the action of the trial court in refusing to give the following instruction:

"The court instructs the jury that possession of ardent spirits in the home, or on the premises jointly occupied by husband and wife is presumed to be the possession of the husband."

Second:   To the action of the court in refusing to set aside the verdict of the jury and grant the accused a new trial.

In the brief of the Attorney-General the point is made that the appellate court cannot consider the action of the trial court in refusing the instruction set forth in the first assignment of error, for the reason that the record presented fails to show by bill of exception, duly signed by the trial judge, that the instruction relied on was the only instruction offered or given.

It is sought by the accused to overcome this contention by a reliance on the certificate of the clerk of the court, which reads as follows:

"The following instructions were granted by the court and I certify that these two instructions, together with the instruction refused by the court and copied in the bill of exception, were all of the instructions offered in this case:

" 'The court instructs the jury that if they believe from the evidence that the accused is guilty of storing ardent spirits on her premises, but in doing so it was unintentional and inadvertent on her part, then they are instructed that they may impose a fine and omit a jail sentence.'

" 'The court instructs the jury if they believe from the evidence and surrounding circumstances in this case, beyond all reasonable doubt, that the accused knowingly stored ardent spirits for the purpose of sale in her house,

or aided and abetted another in such storing, they should convict.'

"Given under my hand this 28th day of July, 1924.

"WALTER CHRISTIAN,

"Clerk."

[1] Under the law as established in this jurisdiction the point of the Attorney-General is well founded.    Instructions are not to be taken as a part of the record unless made so by a proper bill of exceptions signed by the judge of the trial court.    This bill of exceptions cannot be superseded by a certificate of a clerk as to what transpired during the progress of a trial of a case.    It is the province of the trial court, not the clerk, to sign the bills of exceptions, or grant a certificate of the evidence or facts.    Code section 6252.

In Burks' Pleading and Practice (2d ed.), section 277, the rule is thus stated:

"Instructions are not *per se* part of the record, and objections thereto cannot be considered if no bill or certificate of exception is taken."

In the same section the rule is stated to be that "instructions copied into the record when there is no bill or certificate of exception, or order of the court referring to them, will not be regarded as part of the record."

In *Roanoke Land and Improvement Company* v. *Karn, et al.*, 80 Va. 589, the court said:   "The deposition filed in the case of Karn & Hickson, and certified by the clerk, and the affidavit in the case of Snead & Winston, the notices in each case copied and certified by the clerk, cannot be considered by this court.   They are not made a part of the record by the court, and it is not the province of the clerk to make anything a part of the record; his province is to copy the record as it is.   In *Cunningham* v. *Mitchell*, Judge Green says:  'The certificate of the clerk that these papers were the evidence

upon which the judgment was founded cannot be received as a part of the record.   His certificate to that effect can have no more effect than that of any other individual.   He can certify that such records exist in his office, but not what use was made of them.   That ought to have been shown by the record; and it was the duty of the party wishing to avail himself of the fact to have made it a part of the record.'   *Cunningham* v. *Mitchell, supra,* and *Preston* v. *The Auditor,* 1 Call. 471.

"They are no part of the record, the clerk's certificate that they were read and filed cannot be received as evidence of that fact; for the appellate court can never know what took place at the trial by the clerk's certificate, that is not within his province.

"The evidence produced upon the trial can only be known by its being spread upon the record by bill of exceptions, or by the certificate of the judge himself.   The very object of the institution of bills of exceptions was to enable the party to spread upon the record the matters that occurred at the trial; the improper evidence introduced, the instructions asked, the opinions given, and other matters of which the party could not otherwise avail himself in an appellate court.   2 Bac. Abr. 527; 2 Inst. 426.   Unless this is done, the court sees nothing but the process, the pleadings, the verdict and the judgment (or the judgment when the jury was waived by the parties).   The certificate of counsel affords no evidence of opinions expressed, or evidence given, nor the certificate of the clerk of the papers produced before the jury, or the depositions read in the cause.   *Bowyer* v. *Chestnut,* 4 Leigh 1.   Opinion of Tucker, P.''

[2] Under the authorities cited, it must be concluded that all of the instructions not being certified, it cannot be said that the refusal of the trial court to give the instruction complained of constitutes reversible error for

the reasons given by West, J., in *Harris* v. *Common-wealth*, 133 Va. 700, 112 S. E. 753: "The rulings of the trial court are presumed to be correct, unless the contrary appears from the record. The rule is that the record should show in terms, or by clear inference, that the instructions found in the record are all the instructions that were given by the trial court, and the record in the instant case does not meet this requirement. The court may have refused to give the instruction in question on the ground that the same was covered by some other instruction that was given, but which does not appear in the record. The party asking a reversal for refusal to give an instruction must show by the record that there was no justification for refusing to give it, which he may do by bringing up all the instructions, or by having the court certify that the point was not covered by any other instruction. *Teter* v. *Ins. Co.*, 74 W. Va. 344, 82 S. E. 40."

[3] The second assignment of error, that the court erred in refusing to set aside the verdict of the jury, because contrary to the law and the evidence, is without merit. It appears from the record that during the month of May, 1924, one Dunn, a police officer, in company with two other policemen of the city of Richmond, under authority of a search warrant, searched the house occupied by the accused. They found on the ground floor, in a room used as a kitchen, several jars containing wine, apparently several years old. While the search was being made the accused went from the cook stove to a corner of the room and put a milk bottle under her apron, which she threw, or pitched, into a dish pan containing dishwater. This bottle contained about half a pint of alcohol. On the second floor of the house the officer found several empty bottles that had contained alcohol, and in the back yard very close to the rear door

cf the house occupied by the accused, the witness, Dunn, found three half-gallon jars of corn whiskey hid in an old stove pipe. The part of the lot on which the corn whiskey was found adjoined a public stable yard and feed store.

The accused is a married woman and lived on the premises with her husband and child, but the husband was not present when the search was made. The accused admitted the ownership of the wine, stating that she had on the table in the kitchen "a number of one-half gallon bottles containing wine which she had made for her own use a number of years ago." She claimed that the alcohol thrown by her in the dishpan was denatured alcohol used by her for medicinal purposes, and that she was washing the bottle when the officer tried to take it from her, with the result that the alcohol spilled in the dish pan. It is to be observed that while the accused testified that she told police officer Dunn she knew nothing of the corn whiskey or any other whiskey being on the premises, she nowhere denied the ownership or the possession of the same.

It is true the accused contradicts the evidence of the Commonwealth in every particular. This conflict of evidence has been settled by the verdict of the jury. It is earnestly insisted, however, as a matter of law, that the accused could not be convicted under the facts disclosed, because she was a married woman, living at the time of the search with her husband in the house searched.

· In support of this contention the case of *Wampler* v. *Norton*, 134 Va. 611, 113 S. E. 735, is relied on, and the following language is quoted: "But where a married woman is charged with keeping ardent spirits for sale, there must be something more to establish her guilt than the mere finding of the spirits on premises where she and

her husband jointly make their home, no matter to whom the premises belong."

From a superficial reading of the *Wampler Case, supra,* it will be noted that the facts therein stated are different from the facts of the instant case. In the former case it clearly appears that Mrs. Wampler was absent from home at the time of the search, that she did no act connecting her with the whiskey found on the premises, making no statement whatever in regard thereto. She was convicted solely on the presumption arising from the finding of the whiskey on the premises occupied by her and her husband jointly as their home.

In the instant case, the accused was present while the search was being conducted, the husband was absent, she admitted the ownership of the several bottles containing wine; she also admitted, tacitly, the ownership of the alcohol, claiming it was wood alcohol, while the officers testified it was grain alcohol; the officers testified she attempted to dispose of this alcohol by pouring it into a pan containing dishwater, while she denied their statements, claiming she was only washing the bottle and while so doing the contents thereof were spilled by the officers attempting to take the bottle from her.

[4] While it is true that the accused testified that she told the officers she knew nothing of the corn whiskey found on the premises, she did not deny that she was the owner thereof. The evidence discloses that the premises were occupied by husband and wife only. Under the provisions of section 6211 of the Code of 1919, the Commonwealth was not permitted to introduce the husband as a witness to prove, if it could do so, that the alcoholic spirits found on the premises were the property of the wife. While it is true that no presumption arises against the wife by the failure of the husband to testify in her behalf, nor is such failure a subject of comment

before the jury trying the case, there is nothing in the statute cited inhibiting the husband from testifying in favor of his wife when she is charged with a violation of the law.

[5] The rule as laid down in *Wampler's Case, supra,* that the presumption created (by section 28 of the prohibition law [Laws 1918, chapter 388]), from the mere finding of ardent spirits on the premises jointly occupied by husband and wife, is not sufficient of itself to warrant the conviction of the wife, is strictly adhered to, but that doctrine is not applicable to the facts in this case where the evidence fully justifies the jury in finding a verdict of guilty.

The judgment of the trial court is plainly right and will be affirmed.

*Affirmed.*