Stanton.

P. W. Day and W. A. Grove, for Prichard and A. G. and J. Maynard.

September 17, 1925.

1. APPEAL AND ERROR—*Bill of Exceptions—Necessity of Bill—Record—Motion to Quash an Execution—Case at Bar.*—In the instant case, a motion to quash an execution on the ground that the judgment was invalid because the original notice of motion, on which the judgment was obtained, did not allege that the note sued on was listed for taxation, there was no bill of exceptions, nor certificate in lieu of the bill of exceptions, nor certificate of the evidence introduced at the trial, nor of the facts proven by the trial judge. The whole record consisted of the notice of motion to quash the execution, garnishee summons and the judgment of the court dismissing the motion to quash. From this record it did not appear what was the date of the note originally sued on, nor when it became due and payable, nor did the date upon which the original action was brought, nor the date of the rendition of judgment appear.

    *Held:* That the question of the validity of the original judgment was not presented in such shape that the appellate court could pass upon it.

2. APPEAL AND ERROR—*Bill of Exceptions—Necessity of Bill—Record—Motion to Quash an Execution—Case at Bar.*—The instant case was a motion to quash an execution on the ground that the judgment was void, because the note sued upon had not been listed for taxation. There was filed with the petition for a writ of error what purported to be the record in full in the action by notice of motion for judgment on the note, as well as the testimony of a number of witnesses; but this alleged record, while it was certified to by the clerk, was not made a part of the record by bill of exception signed by the judge, nor was it certified by the judge as the evidence adduced before the court in the trial of the instant case; therefore, the Supreme Court of Appeals could not consider, in reviewing the instant case, any evidence introduced or the record in the original action.

3. BILL OF EXCEPTIONS—*Object of Bill of Exceptions—Record.*—The very object of a bill of exceptions is to enable a party to spread upon the

Opinion.

4. APPEAL AND ERROR—*Motion to Quash an Execution—Allegation that the Note Sued on was Listed for Taxes—Case at Bar.*—In the instant case, on appeal from a judgment refusing to quash an execution, there was nothing before the Supreme Court of Appeals to indicate that the trial court erred in overruling the motion to quash the execution. It was alleged that the judgment upon which the execution issued was void because the original notice of motion upon which the judgment was obtained did not allege that the note sued upon was listed for taxation, but the date of the note did not appear from the record, the date of its maturity was not shown, the time of the filing of the action was not shown and the date of rendition of judgment was not shown. It was not shown that the motion for notice for judgment did not contain the allegation required by law, or that the judgment did not recite that such allegation was made. It is not shown that the note sued on was owned by the plaintiff on February 1st, prior to the institution of the action. And this cannot be assumed by the appellate court.

5. JUDGMENTS AND DECREES—*Presumption in Favor of Judgment—Presumption in Favor of Validity of Judgment.*—The judgment of a court of competent jurisdiction is always presumed to be right until the contrary is shown, and a party in an appellate court alleging error in the court below must show it in the regular way, or the presumption in favor of its correctness must prevail.

Error to a judgment of the Law and Chancery Court of the city of Roanoke in a proceeding by motion to quash an execution. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Jas. P. Hart* and *A. L. Hughson,* for the plaintiff in error.

*W. S. D. Shackleford* and *S. H. Hoye,* for the defendants in error.

CHICHESTER, J., delivered the opinion of the court.

This is an action by notice of motion to quash an execution issued on a judgment rendered in the Law and Chancery Court for the city of Roanoke in favor of W. A. Grove, I. S. Prichard and G. C. Maynard and against P. W. Day and V. H. Maynard, for $1,200.00 upon a negotiable note.

The notice of motion is as follows:

"In the Court of Law and Chancery for the city of Roanoke, Virginia.

"Notice to Quash Execution.

"*Prichard and Grove* v. *Day.*

"To S. D. Shackleford and G. H. Penn, attorneys for the plaintiffs.

"You are hereby notified that the defendant will move the Court of Law and Chancery for the city of Roanoke, Virginia, on September 1, 1924, at 10 o'clock a. m., to quash the execution issued on the judgment of *Prichard and Grove* v. *Day*, now in the hands of the sergeant of the city of Roanoke, Virginia, on the grounds that the said judgment is invalid, void, and of no effect because the notice of motion, on which the judgment was obtained, did not allege that the note sued upon was listed for taxation, as provided by statute.

"JAS. P. HART AND A. L. HUGHSON,

"Attorneys for the defendant.

"Notice of this is accepted by—

"S. D. Shackelford and G. H. Penn, attorneys for plaintiffs."

There was also a garnishee summons suggesting that there was a liability upon one R. J. Wright to P. W. Day and requiring Wright to appear and answer the suggestion.

The court having heard the motion to quash the execution on October 3, 1924, entered the following order:

"This day came the plaintiffs, by their attorneys, and the defendant, P. W. Day, by his attorneys, and also came the garnishee in this case, R. J. Wright, in person, and thereupon the defendant, by counsel, filed his motion to quash the execution issued upon the judgment heretofore obtained by the plaintiffs, W. A. Grove, I. S. Prichard and G. C. Maynard, against the defendants, P. W. Day and V. H. Maynard, the filing of which motion was opposed by the plaintiffs, by counsel, whereupon the execution, the judgment, the note upon which the judgment was obtained and the papers in the notice of motion for judgment in which the judgment was granted being filed as exhibits, and the court having heard the argument of counsel, doth overrule the said motion to quash the execution, and thereupon, the garnishee answered, under oath, that he owed the defendants nothing. To which action of the court in overruling said motion to quash the execution, the defendant, by counsel, then and there excepted. And the defendant, by counsel, indicating his intention to apply to the Supreme Court of Appeals of the State of Virginia for a writ of error and *supersedeas* to the judgment of this court, it is ordered that the operation of this order be suspended for a period of sixty days, upon the defendant, or some one for him, entering into a bond before the clerk of this court, with good security, in the penalty of $2,000.00, conditioned to pay the judgment aforesaid and to pay all such costs and damages as may be awarded against him or incurred by reason of such suspension in case a writ of error should be refused or not become effective within said sixty days, said bond to be executed within ten days."

Upon writ of error duly granted, the foregoing judgment is before us for review.

As indicated in the notice of motion above copied,

the judgment referred to therein is alleged to be void because the original notice of motion upon which the judgment was obtained did not allege that the note sued upon was listed for taxation.

By section 8 of the 1922 amendment of the tax bill, page 502, Pollard's Supplement 1922, in force July 1, 1922, it is provided:

"In every action at law or suit in equity in a court of record for the collection of any such bonds, notes or other evidences of debt, taxable hereunder, the plaintiff shall be required to allege in his pleadings that such bonds, notes or other evidences of debt have been reported for taxation and assessed for each and every year on the first day of February, of which he was the owner of the same, and no judgment or decree of the court shall be valid unless it recites that such allegation was made."

On March 20, 1926, (Acts 1924, page 469), the legislature passed what is known as the validating act, by which it was provided that: "All judgments upon notes and other evidences of debt, entered before this act shall take effect, are validated, legalized and confirmed, and are declared to have the same force and effect as if they had contained said allegation."

The petition for a writ of error from the judgment of the trial court alleges that action by notice of motion for judgment was brought on the note on October 12, 1922. It is further alleged that the plaintiffs did not undertake to enforce collection of the judgment for fifteen months after it was rendered in their favor, and not until the above referred to validating act was passed in 1924, when the execution in the instant action, sought to be quashed, was sued out.

[1] That is to say, it is in effect alleged, that when the original action by notice of motion was brought upon

the note, the act above referred to required such notice of motion to allege that the note or other evidence of debt sued on had been reported for taxation and assessed for each and every year on the first day of February, on which the plaintiff was owner of same, and also required the judgment to recite that such allegation was made; that no such allegation appears in the notice of motion and no such recital appears in the judgment, and that, therefore, the judgment is void. It is then argued that the validating act above quoted, which was in effect when execution was issued upon the judgment, is unconstitutional, and we are asked to declare it so, and, as a necessary sequence, to declare the judgment void for the reasons assigned. The question here sought to be determined is not before us in such shape that we can pass upon it.

The whole record in the instant case consists of the notice of motion to quash the execution, set out above in full, the garnishee summons and the judgment, or final order of the court, dismissing the motion to quash, also quoted in full. The garnishee summons does not show when the action was instituted, or when the judgment was obtained. This record, aside from the unsupported allegations of the petition, does not show the date upon which the note was executed, when it became due and payable, the date upon which action was brought thereon, or the date of rendition of judgment thereon in the original action.

The order of the court overruling the motion to quash the execution refers to the execution, the judgment, the note upon which the judgment was obtained, and the papers in the notice of motion for judgment, as being filed as exhibits in the case, meaning, no doubt, as evidence in support of the motion to quash, as a reference to the notice to quash (quoted above) reveals that no exhibits were filed with the notice at all.

There is no bill of exceptions as provided by section 6252 of the Code, and there is no certificate in lieu of a bill of exceptions as provided by section 6253 of the Code, making these so-called exhibits part of the record in this case, or certifying to them as the evidence upon which the trial court determined the issue before it and overruled the motion to quash.

[2] It is true that there is filed with the petition for a writ of error what purports to be the record in full, in the action by notice of motion for judgment on the $1,200.00 note, as well as the testimony of a number of witnesses; but this alleged record, while it is certified to by the clerk, is not made a part of the record by bill of exception signed by the judge, nor is it certified by the judge as the evidence adduced before the court in the trial of the instant case.

Paragraph (b), section 6253 of the Code, provides: "It shall be sufficient for all the purposes of a review by any appellate court of any action, ruling, order, judgment, or matter, arising in the course of the trial or hearing of a cause, that the *trial judge shall certify* the evidence introduced at the trial or hearing of such cause when a consideration of the evidence may be necessary, in order to a decision upon an appeal of any question involved in such review; but nothing in this section shall be construed to preclude the trial judge from certifying, in lieu of the evidence, the facts proved on the trial or hearing of the cause."

There is no such certificate here, and, therefore, this court cannot consider, in reviewing this case, any evidence introduced or the record in the original action by notice of motion for judgment, which is alleged to have been introduced, since there is no certificate of the judge certifying same as required by law.

[3] "The very object of a bill of exceptions is to

enable a party to spread upon the record the matters that occurred at the trial.   Unless this is done the case shows nothing but the process, the pleadings, the verdict and the judgment.   4 Minor's Inst., 728, 729, 742, 743."   *U. S. Mineral Co.* v. *Camden,* 106 Va. 663, 666, 56 S. E. 561, 562, 117 Am. St. Rep. 1028.     See also *Turner* v. *Smith,* 143 Va. —, 129 S. E. 367, an opinion handed down at this term of this court, in which Judge Campbell discusses the question and cites numerous authorities.

[4] There is nothing, therefore, before this court to indicate that the trial court erred in overruling the motion to quash the execution.   The date of the $1,200.00 note is not shown; the date of its maturity is not shown; the time of the filing of the action by notice of motion is not shown; the date of the rendition of the judgment is not shown.   It is not shown that the notice of motion for judgment did not contain the allegation required by law, or that the judgment did not recite that such allegation was made.   It is not shown that the note sued on was owned by the plaintiff on February 1st, prior to the institution of the action.

We cannot assume that action was brought while the statute above referred to was in force—that is, the statute requiring the notice of motion to allege that the note sued on had been reported for taxation, etc.   Nor can we assume that the notice of motion for judgment did not contain the required allegation, or that the judgment did not recite that such allegation was made. Neither can we assume that the plaintiffs owned the note sued on on the first day of any February.   So far as this court is concerned, we have the judgment of a court of competent jurisdiction dismissing a motion to quash an execution issued upon a judgment rendered upon a note, and there is nothing to show that that.

Opinion.

judgment is void, or that the court erred in entering the order complained of.

We cannot say the trial court erred. Its judgment is not shown to be incorrect. Every presumption is that the court had good and sufficient reason for its decision.

[5] In the case of *Harman v. City of Lynchburg*, 35 Gratt. (74 Va.) 43, Judge Burks, speaking for the court, said: "The judgment of a court of competent jurisdiction is always presumed to be right until the contrary is shown, and a party in an appellate court alleging error in the court below, must show it in the regular way, or the presumption in favor of its correctness must prevail."

The same doctrine is laid down in *Neale v. Farinholt*, 79 Va. 54, and in the cases there referred to.

The principle applies in full force to the case at bar. The judgment of the trial court, therefore, will be affirmed.

*Affirmed.*