# Richmond

VIRGINIA HOME FOR INCURABLES AND SHELTERING ARMS
HOSPITAL, PETITIONERS V. FREDERICK W. COLEMAN,
JUDGE, RESPONDENT.

March 14, 1935.

Present, All the Justices.

The opinion states the case.

*Page & Leary, Leake & Buford, Littleton M. Wickham,*
and *McGuire, Riely & Eggleston,* for the petitioners.

*David Meade White, W. C. Bibb, Andrew J. Ellis* and *George B. White,* for the respondent.

CHINN, J., delivered the opinion of the court.

This is a proceeding on behalf of the Virginia Home for Incurables and the Sheltering Arms Hospital, petitioners, against Honorable Frederick W. Coleman, judge of the Circuit Court of Hanover county, respondent, for a writ of mandamus.

The material facts set out in the petition, as to which there is no dispute, are as follows: On January 25, 1935, the Virginia Trust Company offered for probate in the Circuit Court of Hanover county, as the last will and testament of Annie L. Constable, deceased, several paper writings designated as 1, 2, 3 and 4, respectively, and another paper writing marked exhibit "A," all bearing date September 9, 1933; and produced at the same time several other paper writings of divers dates in the nature of wills and codicils purporting to be written and signed by said Annie L. Constable. The court caused the interested parties, being the heirs at law and next of kin of said decedent and the beneficiaries named in said writings, to be convened. A jury was impaneled and an issue *devisavit vel non* was made up and tried before the court to determine which of said paper writings, if any, constituted the true last will and testament of said Annie L. Constable. The jury found that the paper writings marked 1, 2, 3 and 4, in which petitioners were named as beneficiaries, and exhibit "A," together constituted the will of said decedent.

The heirs at law of the decedent, the contestants, moved the court to set aside the said verdict, which motion the court took under advisement and directed counsel to file written arguments in support of and in opposition to said motion. With the reply brief filed on behalf of petitioners, there was presented to and filed with the judge of the trial court on September 7, 1934, a full and complete stenographic report and transcript of the testimony and of the other

incidents of said trial. On September 17, 1934, Judge Coleman convened counsel and announced in open court his decision to set aside the verdict of the jury and to admit to probate exhibit "A" alone as the true last will and testament of the decedent, and thereupon delivered the papers in the cause, together with said report and transcript of the testimony, to the clerk.

On October 5, 1934, the trial court entered a final order in the cause in accordance with the decision announced on September 17th, which order concludes as follows: "All the purposes of this proceeding having been fully accomplished, it is ordered that the clerk of the court do withdraw the testamentary papers produced in this matter from the papers in this case and place them in the receptacle in his office for the preservation of wills, and then place the other papers of this proceeding among the file of ended causes."

The Virginia Home for Incurables and the Sheltering Arms Hospital, for reasons entered of record, duly excepted to the foregoing decision and order of the court.

On the afternoon of December 14, 1934, counsel for petitioners ascertained that the report and transcript of the testimony taken in the trial of the aforesaid cause and lodged by the judge with the clerk of the court as aforesaid, had not been signed or authenticated by the judge so as to make the same a part of the record of the proceedings in the trial court, for the purpose of having same reviewed by this court upon appeal. Mr. John P. Leary and Mr. Patrick A. Gibson, of counsel for petitioners, thereupon immediately carried all the papers in said cause on file in the clerk's office to Judge Coleman at his office in Fredericksburg, Virginia, presented the transcript of testimony to Judge Coleman and requested that he sign the same, "in order that said evidence might be properly brought into and made a part of the record of the lower court for purposes of review in accordance with the terms and provisions of Rule XXIV" of the Supreme Court of Appeals. Judge Coleman thereupon attached at the foot of said transcript the following certificate:

"The foregoing testimony taken in this case was presented to me prior to the entry of the judgment entered herein on October 5, 1934, and is signed by me this 14th day of December, 1934.

"FREDERICK W. COLEMAN, Judge."

After Judge Coleman had signed the transcript of testimony, counsel forthwith returned said papers to the clerk's office of Hanover county. On December 15, 1934, Judge Coleman advised by letter David Meade White, of counsel for the heirs at law of Annie L. Constable, deceased, that he had on the previous day certified the testimony taken in the probate proceedings, whereupon Mr. White wrote Judge Coleman stating that he had had no notice of any kind that a bill of exceptions would be presented to him, and if a bill was presented on the 14th instant, it was not presented within sixty days from the time final judgment was entered, and requested that his act in signing the bill of exceptions be rescinded. Mr. White also wrote to Mr. Legh R. Page, of counsel for petitioners, to the same effect, a copy of which letter was enclosed to Judge Coleman. Following the receipt of this letter, on December 19, 1934, Judge Coleman wrote Mr. White and Mr. Page requesting that they appear before him in his office on Saturday, December 22nd, so that he might reconsider the matter and enter such order as might be necessary under the circumstances.

On December 22nd, counsel for all the parties in interest appeared before Judge Coleman in his office at Fredericksburg, and, after hearing argument, being of the opinion that he was without jurisdiction on the 14th day of December, 1934, "to sign or certify any papers in the said cause," Judge Coleman obliterated the certificate and signature thereto which he placed on the transcript of evidence on December 14th, and in lieu thereof, over the protest of counsel, endorsed on said transcript the following:

"The foregoing transcript was presented to the Judge of the Circuit Court of Hanover county on the 14th of December, 1934, for his signature and certificate, which the judge

refused on the ground that the opposite side had not been given notice as required by section 6253 of Michie Code Supplement 1934.

"FREDERICK W. COLEMAN, Judge.
"December 22, 1934."

The petition prays, "that a peremptory writ of mandamus issue by this honorable court directed to the Honorable Frederick W. Coleman, judge of the Circuit Court of Hanover county, Virginia, commanding and requiring him to annull and disregard for any and all purposes the said entry made by him on Saturday, December 22, 1934, upon the back of the last page of said transcript of testimony, and to restore the certificate and signature obliterated by him as aforesaid, to the effect that the foregoing testimony in this case was presented to him prior to the entry of the judgment entered herein on October 5, 1934, and was signed by him on the 14th day of December, 1934; and, after restoring said record as aforesaid, that the same be delivered to the clerk of the Circuit Court of Hanover county to be by him included in any transcript of the record that may be desired by any party for presentation to this honorable court for due and proper consideration by it upon any petition for writ of error to the final order and judgment of October 5, 1934."

Respondent has filed both a demurrer and answer to the petition. The demurrer assigns the following grounds:

That the petition shows on its face: (1) That petitioners did not ask respondent to sign and he did not sign the transcript of testimony therein mentioned within seventy days after the entry of the final judgment in the probate proceedings, and respondent was, therefore, without jurisdiction to sign or certify the testimony on December 14, 1934; (2) that no bill of exception, as required by section 6252 of the Code, or certificate of exception, as required by section 6253 of the Code, was tendered to respondent as judge of said court for his signature at any time before or within sixty days after the entry of said final judgment; (3) that petitioners did not give any notice, either verbal or writ-

ten, to the opposite parties or their attorneys that they would tender any bill of exceptions, certificate of exceptions, or document of any kind to the respondent, as judge of said court, on December 14, 1934, or at any other time for the purpose of having him sign or certify the same; (4) that petitioners have not complied with either section 6252 or section 6253 of the Code of 1930 with reference to the signing or certification of the evidence; (5) that petitioners never complied with Rule XXIV of this court.

Rule XXIV reads as follows: "It shall not hereafter be necessary to incorporate in any bill or certificate of exception in any action at law, motion, criminal case, common-law or statutory proceeding, issue out of chancery or issue *devisavit vel non* (a) any stenographic or other copy or report of testimony and other incidents of the trial therein, which is presented to the trial court or judge before or within sixty days after the final judgment, or order, and which is signed by the judge before or within seventy days after final judgment, or order, and lodged with the clerk of that court; (b) any plea, replication or subsequent pleading, though rejected when tendered or thereafter stricken out; or (c) any depositions, affidavits, contracts in writing, instructions granted or refused, or any other writings, which were presented to the trial court; but such reports together with all such pleadings and documents which are lodged with the clerk of the trial court and shown by the record, or by such authenticated copy or report of testimony and other incidents of the trial, to have been before the trial court shall be deemed parts of the record in that court; and all questions properly raised, as required by Rule XXII, and all rulings thereon which, by the record or by such authenticated copy or report, are shown to have been excepted to, the grounds of such exception being also thereby shown with reasonable certainty, shall be subject to review in this court."

It is contended in behalf of petitioners that the transcript of evidence in question was presented to Judge Coleman prior to the entry of the judgment complained of, and

was signed by him within seventy days after the entry of the judgment in accordance with the provisions of Rule XXIV, and he, therefore, by virtue of said rule, had full authority and jurisdiction to certify the evidence as he did on December 14, 1934. It is argued in support of this contention that the purpose of the rule is to dispense with all necessity for a bill or certificate of exception, and provide in lieu thereof entirely independently of the statutes on the subject an additional and practically automatic method whereby the proceedings of the trial court may be made a part of the record and brought before this court for review. In other words, petitioners base their case upon the theory that, under the provisions of Rule XXIV, when a stenographic report of testimony taken in the trial of a case has been presented to the judge of the trial court, and by him lodged with the clerk of his court before or within sixty days after the rendition of the final judgment, it is, under the terms and provisions of said rule, within the power and jurisdiction of the judge, *sua sponte*, and without any notice to counsel, within seventy days after final judgment is rendered to sign said transcript of testimony and thereby authenticate the same as part of the record of said proceedings for the purpose of review by this court.

This contention is predicated upon a misconception of the purpose of the rule referred to, and a misinterpretation of its provisions.

"It is well settled that the right of appeal is not a vested right, but is subject to legislative control." *Richmond Cedar Works* v. *Harper,* 129 Va. 481, 106 S. E. 516. "The jurisdiction of this court rests wholly upon the written law, and can be exercised only in obedience to the Constitution and laws passed in pursuance thereof." *Tyson* v. *Scott,* 116 Va. 243, 81 S. E. 57, 60. "The benefit of appeal is a purely statutory right. When parties come to this court to have reviewed the action of a lower court, their only warrant for doing so is the statute, and its terms must be strictly complied with." *Southern R. Co.* v. *Glenn,* 102 Va. 529, 533, 46 S. E. 776, 777.

██ Until the legislature of 1916 enacted what is now, by amendment, section 6253 of the Code, the only method by which the proceedings of a trial court could be made a part of the record and brought before this court for review, was that prescribed by section 6252 providing for bills of exception. The object of the institution of bills of exception was to enable a party to spread upon the record matters that occurred at the trial, such as the evidence introduced, rulings of the court on the admissibility of testimony, the giving and refusing of instructions, and other matters that do not appear on the face of the record. *United States Mineral Co.* v. *Camden & Driscoll,* 106 Va. 663, 56 S. E. 561, 117 Am. St. Rep. 1028; *Colby* v. *Reams,* 109 Va. 308, 63 S. E. 1009; *Day* v. *Grove,* 142 Va. 550, 129 S. E. 368; *Little* v. *Com.,* 141 Va. 532, 127 S. E. 164. Section 6253 of the Code, providing for certificates of exception in lieu of formal bills of exception and prescribing the forms therefor, was only intended to simplify the procedure, and may be used in the place of bills of exception at the option of the exceptor or the court.

The power of the judge to sign certificates and bills of exception, and when and under what circumstances he may do so, is prescribed by the above sections, 6252 and 6253. Under section 6252 a bill of exception must be presented to the trial judge for his signature before the final judgment is entered, or within sixty days from the time of the entry of said judgment, and the judge shall endorse thereon the date on which such bill was so tendered; "but before the court or judge in vacation shall sign any bill of exception so tendered, it shall appear in writing that the opposite party or his attorney has had reasonable notice of the time and place at which said bill of exception is to be so tendered to the court or judge; * * *"

Under section 6253, as amended by Acts of 1934, page 96, chapter 90, the same provisions are made applicable to the presentation and signing of certificates of exception.

██ The provisions of the foregoing statutes are mandatory. It is, therefore, necessary in order for this court to

review the proceedings of the lower court, that it affirmatively appear that the bills or certificates of exception setting forth the proceedings desired to be reviewed have been tendered to the lower court or the judge thereof and signed by him within the time prescribed by the statutes, and it must also affirmatively appear that the statutory requirement of notice to the opposite party or his attorney of the time and place said bills or certificates were to be tendered has been complied with. *Virginia Development Co.* v. *Rich Patch Iron Co.,* 98 Va. 700, 37 S. E. 280, 283; *Standard Peanut Co.* v. *Wilson,* 110 Va. 650, 66 S. E. 772; *Harrison* v. *Com.,* 159 Va. 986, 167 S. E. 251; *Omohundro* v. *Palmer,* 158 Va. 693, 164 S. E. 541; *Scholz* v. *Standard, etc., Ins. Co.,* 145 Va. 694, 134 S. E. 728; *Ocean Accident Corp.* v. *Haley,* 158 Va. 691, 164 S. E. 538.

In view of the above established legal principles, it is manifest that Rule XXIV cannot be construed to provide a separate, independent and additional method for the certification or authentication of a copy or report of testimony and other incidents of a trial for the purpose of review by this court, unless this court has the power to adopt a rule enlarging the jurisdiction conferred upon it by the statutes on the subject. That this court, in the absence of express constitutional or legislative authority, has no such power and never intended by the adoption of Rule XXIV to assume such power, it seems unnecessary to assert. While section 5960 of the Code authorizes the Supreme Court of Appeals to prescribe the forms of writs and make general regulations for the practice of all the courts of record, the legislature has never empowered said court to adopt or prescribe any rule or regulation which will have the effect of adding to, superseding or repealing any statute, with the exception of the authority conferred by section 5960a of the Code to adopt rules and regulations for maturing common-law and chancery causes in the trial courts, and expressly repealing statutes providing rule days when the said rules and regulations are in conflict with such statutes.

In the case of *Virginia Development Co.* v. *Rich Patch*

*Iron Co., supra,* where the bills of exceptions were not signed by the judge within the time prescribed by law, but afterwards signed by agreement of counsel and for reasons appearing to the court, this court refused to consider said exceptions. Keith, P., speaking for the court, said: "The course of procedure is established by law, and it is our duty to see that it is observed, until the legislature in its wisdom shall see fit to change this course of procedure by statute. It is not a question of expediency. It is a question of power * * *." See also *Omohundro* v. *Palmer, supra,* where the above is quoted with approval by Chief Justice Campbell.

"The jurisdiction of a court as conferred by the Constitution or statute cannot be enlarged or diminished by a rule of court, * * *." 15 C. J. 907. See also *Suckley* v. *Rotchford,* 12 Gratt. 60, 65 Am. Dec. 240.

▉ Viewed in the light of the fundamental principles laid down by this court, the obvious purpose of the rule was to simplify the proceedings and curtail the record as much as practicable, by dispensing with formal bills and certificates of exception as to each separate ruling of the trial court, in the instances named and classified under (a), (b) and (c), when it appears by the record or by the authenticated copy of the testimony and incidents of the trial that said rulings were excepted to, the grounds of such exception being also thereby shown with reasonable certainty, as required by Rule XXII. *Nethers* v. *Nethers,* 160 Va. 335, 168 S. E. 428.

▉ The rule strictly conforms to the provisions of the statutes with the exception of the fact that it does not provide that the judge shall endorse on the report of testimony the date on which the same is presented, and does not provide that notice of the time and place of its presentation shall be given the other party, as the statutes require. This, however, does not render the rule in any sense in conflict with the statute, nor render the proceedings under the rule any the less subservient to the statutory requirements.

▉ In the instant case it appears from the record that no request was made of the trial judge to sign the cer-

tificate within sixty days after final judgment was entered, and no notice was given to the opposite party that such request would be made at any time. It is contended that the stenographic copy of the evidence was delivered to the judge before the judgment was entered along with the brief, and that this was a sufficient tender under the statute and the rule. This, however, was not such a tender as either the statute or the rule contemplates. To deliver a copy of the report of the evidence to the judge for his use on the motion to set aside the verdict is quite a different thing from tendering said copy to the judge for the purpose of having him sign the same to be made a part of the record to be used on appeal. It is contemplated that if the dissatisfied party wishes the judge to certify the evidence for the purpose of taking an appeal, he shall make known his purpose to the judge, and also to the opposite party by giving him the notice which the statute requires; otherwise the judge would not know when it is necessary to endorse on the bill of exception the date it was presented, or that it was necessary to sign the same within seventy days from the date of the final judgment. Even if it be conceded, therefore, that Judge Coleman signed this copy of the evidence within seventy days from the entry of the final judgment, it is manifest that he had no authority to do so for the reason that, as appears from the petition, it was not presented to him for his signature and no notice was given the opposite party of that purpose within sixty days from the entry of such judgment. The question, therefore, of whether the day Judge Coleman signed the certificate which he afterwards cancelled, was within seventy days after the entry of the final judgment, as petitioners contend, becomes immaterial.

It is next contended that Judge Coleman was without power on December 22nd, to obliterate the certificate he placed on the transcript of evidence on December 14th. It is elementary that the authority of a trial judge to enter an order in a given case expires with the adjournment of the term at which final judgment is entered there-

in, except when extended by statute. The authority conferred upon the judge to sign bills of exception under prescribed conditions within seventy days after the entry of final judgment had expired in the case at bar on December 22nd, when the act referred to took place. While, therefore, we do not think this act on the part of the learned judge in obliterating the certificate referred to and signing a new certificate was authorized, we consider it harmless error in the instant case, because if said certificate had been allowed to stand and the record brought before this court failed to show that notice of its presentation to the trial judge was given to the opposite parties or their counsel, this court would have been without authority to review the matters presented by said certificate, as the authentication under those circumstances would have been a nullity.

It is our conclusion that the demurrer to the petition should be sustained and the writ of mandamus denied.

*Mandamus denied.*