THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PETRA CRUZ DE AYBAR, Defendant and Appellant.

No. 7244.   Argued November 29, 1938.—Decided December 23, 1938.

*Celestino Iriarte, F. Fernández Cuyar* and *H. González Blanes* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The only question involved in this case is whether the defendant was submitted to double jeopardy. The facts which gave rise to the controversy, and which have been accepted by both parties, were the following:

"At 9 a. m. on September 26, 1936, in the Municipal Court of San Juan and in open session there was called for trial the case of *The People* v. *Petra Cruz de Aybar et al.,* in which the said defendants were charged with the alleged infringement of sections 3 and 4 of Act No. 25 of July 17, 1935.

"After the case was called for trial and the said Petra and the other defendants had personally appeared—duly represented by their attorney E. H. F. Dotting—and counsel for the said defendants had announced themselves ready for trial, the same was commenced as follows: Upon being arraigned the defendants pleaded not guilty, the witnesses took the oath and then the testimony of Raimundo Santiago, a witness for the prosecution, was begun. During his examination all the documentary and real evidence was admitted and heard by the court. At the close of the direct examination of the above witness and while the trial was going on and the said witness was being cross-examined by attorney for the defendant, attorney Jesús González came into the court room, interrupted the trial in an informal way and orally moved the court to discontinue the same, because he had been informed that district attorney Romaní intended to appear and had not been able to do so at the proper moment, as he had left for Carolina on an investigation. Over the protest and energetic objection of the defendants who moved that the trial (which was in an advanced stage and to whose result they were exposed) proceed and invoked in turn their right to a speedy trial, the court nevertheless suspended the same and set it for October 13, 1936, at 9 a. m.

"The defendants appeared on the above day, being arraigned and a trial commenced a second time. Upon being arraigned and requested by the court to plead, the defendants entered their plea of former jeopardy in writing and pleaded not guilty. The court dismissed the plea of former jeopardy and again (this time district attorney Romaní was present) and over the objection of the defendants the introduction of evidence for the prosecution began. Witness Raimundo Santiago again gave the same testimony as at the

former trial. All the documentary and real evidence that had been submitted and admitted on September 26 was again introduced and admitted, the prosecution rested and the court discharged all the defendants except Petra Cruz Aybar.''

On appeal to the District Court the plea of former jeopardy was reproduced and once more rejected by the court. Defendant was tried and convicted. The correctness of the above order forms the basis for the only assignment of error on appeal, and the Fiscal of this court acquiesces in the reversal of the judgment.

Under the facts above recited we must hold that the defendant was unduly exposed to double jeopardy and should therefore be discharged from paying the $200 fine imposed upon her. Among the authorities supporting this view may be found the cases of *McCarthy* v. *Zerbst,* 85 Fed. Rep. (2d) 640; *Rosser* v. *Commonwealth,* 167 S. E. 251; *People* v. *Benítez,* 19 P.R.R. 235.

The judgment should be reversed and the defendant discharged.

Mr. Chief Justice Del Toro and Mr. Justice De Jesús took no part in the decision of this case.